**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Josue Aaron AGURCIA–BARDALES,**
**Defendant–Appellant.**

**No. 11–51138**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, El Paso, TX, for Defendant–Appellant.

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM: *

Josue Aaron Agurcia–Bardales appeals his 53–month sentence, imposed within the advisory Guidelines sentencing range (within-Guidelines sentence), following his guilty plea to illegal reentry into the United States after deportation. Agurcia maintains his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). In that regard, he contends the advisory Guidelines sentencing range was too severe because: (1) the illegal reentry Guideline, § 2L1.2, is not based on empirical data; (2) the Guideline allowed impermissible double-counting of his previous convictions; (3) his illegal-reentry offense was not a serious crime of violence, but merely a trespassing crime; and (4) the district court did not consider his benign motive for illegally reentering the country or other mitigating circumstances, such as his entry into the United States as a child and loss of cultural ties with his native country.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In that respect, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *E.g., United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir.2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir.2005). Because Agurcia did not raise his substantive reasonableness contention in district court, review is for plain error only. *E.g., United States v. Peltier*, 505 F.3d 389, 392 (5th Cir.2007). Agurcia's objection to this standard of review is presented only to preserve the issue for possible further review. Among other factors, he must show a clear or obvious error. He fails to do so.

Agurcia's empirical-data contention is foreclosed by our court's precedent (*United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir.2009); *United States v. Mondragon–Santiago*, 564 F.3d 357, 367 n. 7 (5th Cir.2009)), as is his double-counting contention (*Duarte*, 569 F.3d at 529–31; *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir.2001) (double-counting not generally prohibited; problematic only when expressly forbidden by particular Guideline at issue)). He raises these issues only to preserve them for possible future review. Our court has also previously rejected the contention that a within-Guidelines sentence under § 2L1.2 is unreasonable because, according to that contention, the illegal reentry at issue here is merely a trespassing offense and not a crime of violence. *E.g., United States v. Aguirre–Villa*, 460 F.3d 681, 683 (5th Cir.2006).

When reviewing the reasonableness of a sentence within a properly-calculated Guidelines sentencing range, it is generally inferred the district court considered the sentencing factors in the Guidelines and § 3353(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.2005). Along that line, the record reflects the district court expressly considered the relevant § 3553(a) factors as well as Agurcia's as-

---

sertions for mitigating his sentence, but implicitly overruled his contentions and concluded a within-Guidelines sentence was adequate, fair, and reasonable. *E.g., United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir.2008). "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008).

Furthermore, Agurcia's sentence is presumed reasonable because it is within the advisory sentencing range. *E.g., Cisneros–Gutierrez,* 517 F.3d at 766. His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness attaching to a within-Guidelines sentence. *E.g., United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir.2010).

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.